

FILED
AUG 11 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREEDOM CHILD,                                                    CV 05-1211-AC

                                    Plaintiff,                   OPINION AND
                                                                 ORDER

            v.

CITY OF PORTLAND, OFFICER
JEFFREY DORN, and OFFICER JASON
HARRIS,

                                    Defendants.

---

ACOSTA, Magistrate Judge:

*Introduction*

Currently before the court is Plaintiff Freedom Child's ("Child") motion for judgment as a matter of law and, in the alternative, motion for a new trial.  A jury previously found in favor of Defendants City of Portland (the "City") and Officers Jeffrey Dorn and Jason Harris (the "Officers") (collectively "Defendants") on each of Child's claims, specifically claims for excessive force,

unlawful detention, and malicious prosecution under 42 U.S.C. § 1983. Child argues that no reasonable juror could find for the Officers and that the verdict is against the clear weight of the evidence; she makes no argument based on errors of law or in the conduct of trial. For reasons set forth below, Child's motion for judgment as a matter of law and alternative motion for a new trial are denied.

*Factual Background*

On the night of August 6, 2003, while on patrol, the Officers saw Child operating her bicycle in the dark without a light in violation of Oregon law. The Officers, who were in uniform and in an unmarked police vehicle, pulled up next to Child and asked her where she was going. Child and the Officers dispute the details of the conversation during the encounter. Child contends that she asked the Officers to identify themselves and they failed to do so. The Officers acknowledged that they did not identify themselves when they first approached Child but that they identified themselves as police officers when Child asked them who they were. The parties agree that when the Officers began to emerge from their vehicle, Child ran toward her house. The Officers chased Child, forcibly grabbed her on the porch, either as she had stepped across the threshold of her front door (according to Child) or as she attempted to enter her front door (according to the Officers), and took her into custody. The Officers placed Child in the police vehicle and issued her a citation for riding her bicycle without a light and for interfering with a police officer. They then transported her to the police station, where she was held for several hours after her identity was verified and her release was processed. Subsequently, Child was acquitted of interfering with a police officer and was convicted of operating a bicycle on a public roadway with no light after dark.

//

*Procedural Background*

In July 2005, Child filed a complaint against Defendants in Multnomah County Circuit Court of the State of Oregon. In August 2005, this action was removed to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1441(a) and (b). Child tried her claims to a jury in March 2009. Specifically, Child alleged that on the evening of August 6, 2003, the Officers used excessive force, wrongfully arrested and detained her in violation of her Fourth Amendment rights, and maliciously prosecuted her in violation of her Fourteenth Amendment rights. Before the case was submitted to the jury, Child voluntarily dismissed her state law claims for assault and battery and for malicious prosecution. During trial, Child stated that she had a motion for a directed verdict but did so without specifying the law and facts that she believed entitled her to a directed verdict. The court denied Child's motion. After the jury returned the verdict in favor of Defendants, Child moved for judgment as a matter of law under Federal Rules of Civil Procedure ("Rule") 50(b) and, in the alternative, for a new trial under Rule 59. In their response, Defendants urge the court deny Child's motions on the merits.

*Legal Standards*

A.  Motion for Judgment as a Matter of Law

A motion for judgment as a matter of law under Rule 50(b) must be preceded by a motion made at trial that sets forth the specific grounds raised in the Rule 50(b) motion. *Wallace v. City of San Diego*, 479 F.3d 616, 631 (9th Cir. 2007); *see* Fed. R. Civ. P. 50(a)(2) ("[A motion for directed verdict made before the case is submitted to the jury] must specify the judgment sought and the law and facts that entitle the movant to the judgment."). Just as a party may not seek a judgment as a matter of law on grounds not alleged in her motion for a directed verdict, a district court may not

enter a judgment as a matter of law on grounds not asserted in a party's motion for a directed verdict. *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990). This is because, among other reasons, the claimed deficiency in the evidence was not called to the attention of the non-moving party at a time when the non-moving party was still in a position to correct the deficit. *Id.*

In evaluating a motion for judgment as a matter of law on the merits, the court should review all evidence in the record. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Id.* The court must also disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* at 151. A motion for judgment as a matter of law must be denied, and a jury's verdict upheld, if the verdict is supported by substantial evidence. *Paul v. Asbury Auto. Group*, 06-CV-1603-KI, 2009 WL 188592, at *1 (D. Or. Jan. 23, 2009) (citing *Wallace*, 479 F.3d at 624). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence." *Id.*

B. New Trial

Even if a verdict is supported by substantial evidence, the court may grant a motion for a new trial if it concludes that the verdict is contrary to the clear weight of the evidence, is based on evidence which is false, or would result in a miscarriage of justice. *Id.* (citing *Silver Sage Partners Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001)). Unlike for a motion for judgment as a matter of law, the court may weigh the evidence, may evaluate the credibility of the witnesses and is not required to view the evidence from the perspective most favorable to the prevailing party. *Id.* (citing *United States v. Kellington*, 217 F.3d 1084, 1095 (9th Cir. 1992)).

However, where a movant claims that a verdict is against the clear weight of the evidence, doubts about the correctness of the verdict are not sufficient grounds for a new trial. *Landes Constr. Co., Inc. v. Royal Bank of Canada,* 833 F.2d 1365, 1372 (9th Cir. 1987). "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Tennant v. Peoria & Pekin Union Ry.,* 321 U.S. 29, 35 (1944). The trial court, after having given full respect to the jury's findings, must have a definite and firm conviction that the jury has made a mistake. *Landes Constr. Co., Inc.,* 833 F.2d at 1371-72 (citations omitted). Thus, the authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon,* 449 U.S. 33, 36 (1980) (per curiam). In the Ninth Circuit, the district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict. *Molski v. M. J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007). If there is no reasonable basis, "the absolute absence of evidence to support the jury's verdict makes [refusal to grant a new trial] an error in law." *Id.* (internal citations omitted).

*Discussion*

A.  Excessive Force

1. Judgment as a Matter of Law

Child argues that the jury verdict in favor of the Officers on her excessive force claim is not supported by substantial evidence. She contends that the testimony of the Officers reveals that the purpose of the detention was for the traffic infraction, and not for interfering with a police officer as the Officers contend. Moreover, Child asserts that the Officers created the situation in which she was forced to flee. In essence, she contends that no reasonable juror could find that the minimal

governmental interest in giving her a citation for a traffic offense justifies the force used in arresting her.

Because Child did not move for a directed verdict on excessive force claim or set forth the law and the facts that she believed entitled her to a directed verdict on such claim, this court finds that her motion for judgment as a matter of law on such claim is procedurally foreclosed. Assuming that Child's Rule 50(b) motion on excessive force claim was not procedurally foreclosed, the court nonetheless denies the motion on the merits.

Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id.* The relevant factors in the reasonableness inquiry include all of the circumstances known to the officers on the scene, such as "(1) the severity of the crime or other circumstances to which the officers were responding; (2) whether the plaintiff posed an immediate threat to the safety of the officers or to others; and (3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (citing *Graham*, 490 U.S. at 396). In some cases, the availability of alternative methods to subdue the plaintiff may also be considered. *Id.*

In evaluating Child's motion for judgment as a matter of law, the court must review all evidence and draw all reasonable inferences in favor of Defendants. The court must disregard all evidence favorable to Child that the jury was not required to believe. According to Child, the

evidence presented at trial conclusively established that the Officers moved to detain Child for the purpose of the traffic infraction, not for interfering with an officer. Nevertheless, during trial, both parties presented divergent accounts of the encounter, and the jury was not required to believe Child's testimony over that of the Officers. Rather, the jury was instructed to decide which testimony to believe and which testimony not to believe. As stated in Child's motion, the testimony of her witnesses raised doubts as to whether the Officers had activated the police lights on the unmarked cruiser. However, the Officers testified that they were in full uniform (a fact Child did not dispute), that the car's front grill and back deck lights were on after their initial contact with Child, that they identified themselves as police officers, that Child ignored their commands, and that she fled in an attempt to evade them as soon as they emerged from their car. This testimony refutes Child's contention that the Officers created the situation that required her to flee and allowed a reasonable inference that Child knowingly chose to disregard the directives of persons she knew to be police officers. Further, Child testified that during the encounter and before she fled to the porch, she thought that the two men in the car might be the police and that she saw their uniforms at the time of the confrontation on the porch. The jury could have viewed Child's testimony as corroborating the Officers' account. Drawing all reasonable inferences in favor of the Officers, the court cannot conclude that no reasonable juror could find the purpose of detention was for interfering with a police officer.

Regarding the force used, a reasonable jury could find that the force used was not excessive. Child testified that the Officers pulled open her front door and grabbed her while she was on the threshold, "violently ripped" her out of her house, and bent her down and handcuffed her, causing an injury to her shoulder. The Officers, however, testified that they pursued Child when she fled to

{CK}

the porch after she did not obey their commands, and caught her at her door before she entered the house. Officer Dorn testified that he made the choice to use a "hair tug" technique to gain Child's compliance rather than applying direct force to her arm because the latter technique would have created a greater risk of injury to Child. The Officers testified that they then bent Child over at the waist to place handcuffs on her, and that when Child went "limp" they lifted her by her arms and carried her to the police car. Drawing all reasonable inferences in favor of the Officers, the court cannot conclude that no reasonable juror could find the force used to be reasonable. Thus, the court finds the verdict is supported by substantial evidence and denies Child's motion for a judgment as a matter of law on her excessive force claim.

    2. New Trial

    The court cannot conclude the verdict is contrary to the clear weight of the evidence presented at trial. There is no verbal formula for a trial court to apply in determining whether a verdict is contrary to the clear weight of the evidence. *Landes Constr. Co., Inc.,* 833 F.2d at 1371. Instead, the court may grant a new trial only when it is left with the definite and firm conviction that the jury has made a mistake. *Id.* at 1371-72.

    While Child has raised her doubts about the correctness of the verdict, the court cannot say that the jury made a mistake. Contrary to Child's characterization, the evidence presented at trial did not clearly favor her position as to what a reasonable officer on the scene could have perceived. For example, Bill Pope, Child's housemate and one of her witnesses, testified that looking out onto the darkened porch he immediately recognized the Officers to be police officers. Also, another of Child's witnesses, Deputy District Attorney Jim Hayden, testified that whether an unmarked police vehicle had its lights turned on is less important if the officer gets out of the car, dressed in full

{CK}

uniform, as was the fact here: it was uncontested that the Officers were in uniform when they emerged from the vehicle. Moreover, although Child testified several times that she was fearful because she did not know the Officers were police officers when they were talking to her from the inside of the car's dark interior, the jury could have viewed her conduct inconsistent with that testimony. Child entered the gate of her yard while talking to the Officers, but, instead of moving directly up the walk and onto her porch to enter her house, she turned left and walked her bike onto the side lawn of her front yard, an action that placed her closer to the men in the car which, she testified, had caused her to be fearful of her safety. Finally, as noted previously, Child herself testified that before she fled onto her porch, she realized that the Officers might be police officers.

As for the Officers' use of force, the court cannot say with a definite and firm conviction that the jury made a mistake in finding that the forced used was not excessive. Importantly on this point, Child's testimony and the Officers' account are consistent on almost all the material facts: that Child fled to the porch, that the Officers pursued her onto the porch, that they grabbed her, that a hair tug was used, and that they bent her over to handcuff her. Child and the Officers disagree on the force used to implement the hair tug, but the gap of that disagreement was not so great that the jury's finding was against the clear weight of the evidence. Similarly, the gap between Child's testimony that she had a foot and hand inside her threshold and the Officers' account that they caught her on the porch before she could enter the house is not so great that the jury could not have resolved this issue the way that it did. In sum, based on the evidence the court cannot say the jury made a mistake or that there is no evidence to support the verdict it reached on Child's excessive force claim, and it denies Child's motion for a new trial.

//

Page 9 - OPINION AND ORDER                                                                 {CK}

B.  Unlawful Detention

    1.  Judgment as a Matter of Law

    Child argues that no reasonable juror could find that the Officers lawfully arrested and detained her because they had no sufficient cause to arrest and detain her for the offense of interfering with a police officer.  She contends that the government could not establish that she knew the Officers to be police officers or that the Officers gave any lawful order whatsoever.  During the oral argument on the motion, Child also argued that no reasonable juror could find that the Officers lawfully detained her when they transported her from the scene to the police station even after her identification was established.

    Because Child did not move for a directed verdict on unlawful detention claim or set forth the law and the facts that she believed entitled her to a directed verdict on such claim, this court finds that her motion for judgment as a matter of law on such claim is procedurally foreclosed.  Assuming that Child's Rule 50(b) motion on unlawful detention claim was not procedurally foreclosed, the court denies the motion on the merits.

    A seizure, which is a full-scale arrest, must be supported by probable cause.  *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995).  Probable cause exists when the police have reasonably trustworthy information sufficient for a prudent person to believe that the accused had committed or was committing an offense.  *United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir. 1990).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  The Officers claim that Child's behavior gave them probable cause to arrest her without a warrant for the misdemeanor of interfering with a

{CK}

police officer. A person has interfered with a police officer when "the person, knowing that another person is a peace officer . . . [r]efuses to obey a lawful order by the peace officer . . . ." OR. REV. STAT. §162.247(1)(b) (2005).

The court finds that the verdict is supported by substantial evidence. Again, in evaluating her motion for judgment as a matter of law, the court reviews all evidence and draws all reasonable inferences in favor of Defendants. According to the evidence presented at trial, the Officers observed that Child was operating her bicycle without a light after dark. When they approached and asked her questions, she at first did not respond and ultimately told them that she "did not like" them and did not have to talk to them. Again, Child acknowledged at trial that at the time of her verbal exchange with them, she thought the two men might be police officers. When she saw the Officers emerge from their vehicle, she began to flee into a house. Furthermore, whether her identity was established on the scene does not bear on whether the Officers had probable cause to believe that she was committing the offense of interfering with a police officer. Drawing all reasonable inferences in favor of the Officers, a reasonable juror could find that the Officers had probable cause to believe that Child committed the misdemeanor of interfering with a police officer in their presence and therefore reasonably arrested and detained her.

2. New Trial

Again, the court cannot conclude the verdict is contrary to the clear weight of the evidence presented at trial. Child argues that, based on the testimony of her "uninterested civilian" witnesses, the government could not establish that she knew the Officers to be police officers or that they gave any lawful order whatsoever. (Pl.'s Mot. J. Matter Law & Mot. New Trial at 11.) However, the Officers need not establish what Child knew. Instead, they must establish only that they had

*probable cause* to believe Child knew they were police officers and was refusing to obey their lawful order. Thus, the dispute turns on whether information available to the Officers on the scene was sufficient to support a prudent officer's belief that Child was committing the offense of interfering with an officer. Both parties testified that Child did not answer the Officers' initial questions and that she ran to her house when she saw the Officers emerge from their vehicle in uniform. Child testified that she asked the Officers to identify themselves and they failed to do so, but the Officers testified that they did identify themselves to Child as police officers, to which Child responded that she did not "like you guys." It was up to the jury to decide on credibility of the witnesses and their testimony and to draw inferences accordingly; indeed, Child put the jury to this very choice by arguing in closing that the Officers were lying. The weight of the evidence did not clearly dictate that the Officers had no probable cause and thus unlawfully arrested and detained Child.

Child's argument that it was unlawful for the Officers to transport her to the police station because her identity was established on the scene overlooks their authority to make warrantless arrests for misdemeanors with probable cause. As long as the Officers had probable cause, as the jury found that they did in this case, the Officers were authorized to arrest and detain Child. After evaluating the evidence presented by both parties, including their witnesses testimony, the court cannot conclude that the jury verdict that the Officers did not stop, arrest, or detain Child in violation of her Fourth Amendment rights is against the clear weight of the evidence.

C. Malicious Prosecution

    1. Judgment as a Matter of Law

Child argues that no reasonable juror could find for the Officers on her malicious prosecution claim in light of the inconsistencies in the Officers' testimony. Child contends that Defendants

lacked sufficient cause to institute the prosecution based on reports that contained misrepresentations and material omissions. However, the court finds that the verdict is supported by substantial evidence.

Because Child did not move for a directed verdict on a section 1983 claim of malicious prosecution or set forth the law and the facts that she believed entitled her to a directed verdict on such claim, this court finds that her motion for judgment as a matter of law on such claim is procedurally foreclosed. Assuming that Child's Rule 50(b) motion on malicious prosecution claim was not procedurally foreclosed, the court denies the motion on the merits.

In order to prevail on a section 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted the plaintiff with malice and without probable cause, and that they did so for the purpose of denying equal protection or another specific constitutional right to the plaintiff. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). Child does not cite specific facts to support her contention that Defendants prosecuted her with malice or for the purpose of denying her a constitutional right. Instead, she cites *Borunda v. Richmond,* 885 F.2d 1384 (9th Cir. 1998), for the proposition that Defendants lacked sufficient cause to institute the prosecution based on reports that contained misrepresentations and material omissions.

Unlike the instant action, the jury verdict in *Borunda* was for the arrestees. *Id.* at 1386. In affirming the jury verdict, the Ninth Circuit held that a jury *could* reasonably conclude that the officers "procured the filing of the criminal complaint by making misrepresentations to the prosecuting attorney" when the police reports relied on by the prosecutor contained "striking omissions" and "conflicting accounts of the incident." *Id.* at 1390 (emphasis added). One of the

"striking omissions" from the police report was a fact testified to at trial that one of the arrestees attempted to gain control of the officer's gun. *Id.* at 1390 n.6. An expert on police procedures testified that such omission ran so counter to standard police training as to render the trial testimony "rather incredulous." *Id.* Moreover, the accounts of the arrest differed radically between arrestees and between the officers. *Id.* at 1386-87.

By comparison, the instant case does not involve such striking omissions from the police report or conflicting accounts of the incident by the Officers. They did not offer any testimony or evidence whose omission from the police report Child showed ran counter to standard police training. Also, the accounts of the incident by the Officers were not substantially conflicting. While Child and the Officers' respective accounts about the details of their conversation during the encounter differ, the Officers and Assistant District Attorney Hayden testified that the Officers' report contained the facts material to the two charges brought against her. The jury was presented with the testimony of all witnesses and was instructed to decide which testimony to believe and which testimony not to believe in reaching their verdict. In essence, the jury was presented with sufficient evidence to find that the Officers did not act with malice, an intent to inflict injury on Child, or for the purpose of denying her due process of law. Also, for reasons previously stated regarding Child's unlawful detention claim, a reasonable juror could find that the Officers had probable cause. Thus, the court denies Child's motion for a judgment as a matter of law on her section 1983 claim of malicious prosecution.

2. New Trial

The court cannot conclude the verdict is contrary to the clear weight of the evidence presented at trial. The clear weight of the evidence does not dictate that the Officers acted with

malice, without probable cause, and for the purpose of denying Child due process of law. Therefore, the court denies Child's motion for a new trial on her section 1983 claim of malicious prosecution.

*Conclusion*

Child's Motion for Judgment as a Matter of Law and Motion for a New Trial (#135) are DENIED.

IT IS SO ORDERED.

DATED this _11th_ day of August, 2009.

 

 

JOHN V. ACOSTA
United States Magistrate Judge